1

2

3

4

5

6

7

8

9

10

11

12              IN THE UNITED STATES DISTRICT COURT

13                 FOR THE DISTRICT OF OREGON

14

TRUSTEES OF THE PLUMBERS AND              OPINION AND O R D E R
15   PIPEFITTERS NATIONAL PENSION FUND,        Civ. No. 07-1624-AA
     et al.,
16
              Plaintiffs,
17
          vs.
18
     SHATZI INCORPORATED, dba Kodiak
19   Plumbing Service,
20
              Defendant.
21   _____

Stephen H. Buckley
22   Cary R. Cadonau
     Brownstein, Rask
23   1200 S.W. Main Street
     Portland, Oregon 97205-2040
24        Attorneys for plaintiffs

25   Dennis E. Koho
     Attorney At Law
26   132 Glynbroook St. N., Suite 350
     Keizer, Oregon 97303-5609
27        Attorney for defendant

28   AIKEN, Chief Judge:

1 - OPINION AND ORDER

On November 13, 2009, plaintiffs filed a motion for summary judgment.  Three months later, well beyond the eleven days mandated by Local Rule to file any response, defendant, represented by counsel, has not filed any opposition to this motion. Plaintiffs' motion is granted.

BACKGROUND AND DISCUSSION

Plaintiffs, the Trustees of nine employee benefit plans and a labor union, brought this lawsuit against defendant to recover fringe benefit contributions and union dues owed on behalf of defendant's employees who performed work pursuant to a collective bargaining agreement ("CBA"), with the Plumbers, Steamfitters and Marine Fitters Local No. 290 ("Union").

Plaintiffs, through Scribner, Scribner & Sutton, a certified public accounting firm ("CPA firm"), conducted a payroll examination of defendant's payroll books and records beginning August 2003, through February 2009, in order to determine whether defendant paid all contractually required fringe benefit contributions on behalf of its employees who performed work covered by the CBA. The CPA firm determined that defendant failed to pay any amounts whatsoever to plaintiffs for the work performed during the period at issue.  After the initial payroll examination was completed and the lawsuit at bar filed, plaintiffs served interrogatories upon defendant seeking information about the type of work performed by each of the employees on whose behalf contributions and dues were alleged to be owed.  Defendant responded by noting which employees performed work that fell within the craft jurisdiction of the Union, i.e., the work was of the type for

2 - OPINION AND ORDER

which defendant was required to pay fringe benefit
contributions and union dues. Those responses allowed the CPA
firm to revise the payroll examination report to conform to the
evidence supplied by the defendant.

Plaintiffs now seek to recover the contributions and dues
that defendant should have paid as determined by the payroll
examination, together with liquidated damages, interest, the
cost of conducting the payroll examination, and their
attorneys' fees and costs.

Defendant owes the following amounts pursuant to the
revised payroll examination report: $527,173.70 in fringe
benefit contributions and union dues; $52,779.62 in liquidated
damages; $4,707.50 in payroll examination fees; and $163,100.16
in interest calculated through October 31, 2009, with interest
continuing to accrue at the rate of $117.40 per diem for each
day on and after November 1, 2009 that the contributions and
dues remain unpaid.

In the event fringe benefit contributions are not paid by
the due date, the Trust Agreement that created the Funds
(National Pension Fund, Local Pension Fund, Health Fund,
Retiree Health Fund, Vacation Fund, Training Fund, Scholarship
Fund, Education Fund, and Management Fund) provides that
liquidated damages will be assessed in an amount equal to 10%
of the delinquent or late paid pension contributions.[1]

The Trust Agreements that created the Trust Funds provide

---

[1] The Management Fund provides liquidated damages in an amount
equal to 20%, however, the Fund has a practice of assessing
liquidated damages in an amount equal to 10% of the delinquent
or late paid contributions.

that they are entitled to recover their·attorneys' fees and
accountants' fees when necessarily incurred to collect
delinquent fringe benefit contributions.  The CBA provides that
the Union is entitled to recover its attorneys' fees and
accountants' fees when necessarily incurred to collect
delinquent union dues.

Daniel Eldridge operated "Kodiak Plumbing Service" as a
sole proprietor beginning March 1999, then incorporated Shatzi
Enterprises, Inc., in February 2001, and ultimately formed
Shatzi Incorporated in February 2002.  Shatzi Incorporated did
business under the trade name of "Kodiak Plumbing Service"
until March 2009, at which time Mr. Eldridge (and his wife)
again became a sole proprietor using the trade name of "Kodiak
Plumbing Service."

Effective May 1, 1999, Mr. Eldridge signed a Compliance
Agreement for Master Labor Agreement with the Union.  Based on
the terms of that Agreement, Mr. Eldridge agreed to be bound by
the Trust Agreements that created the Trust Funds, and agreed
to pay contributions and union due to plaintiffs on behalf of
his plumbers who performed work covered by the CBA beginning
April 1, 1997, to March 31, 2003.  The Compliance Agreement and
CBA remained in full force and effect through March 31, 2003,
after which time the defendant continued to be bound by the
Compliance Agreement and CBA from April 1, 2003, through March
31, 2009, due to defendant's failure to effectively terminate
the parties' contractual relationship.  See <u>Trustees of the
Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Daniel
W. Eldridge, et al.</u>, CV 03-1213-JO, <u>Findings of Fact and</u>

Conclusions of Law, p. 3 (in previous lawsuit involving same
parties and facts, court found defendant liable to plaintiffs
despite fact that defendant had not signed the CBA). See also,
Plumbers & Pipefitters v. Eldridge, et al., 232 Fed.Appx. 680
(9th Cir. 2007)(Shatzi Incorporated's obligations under the CBA
did not end as of March 21, 2003).

Defendant's Responses to Interrogatories acknowledge that
the individuals identified in the revised payroll examination
report for whom plaintiffs seek to recover fringe benefit
contributions and union dues were employees of defendant, that
the unreported hours were actually worked for defendant, and
that the unreported hours were worked within the "craft"
jurisdiction of the Union.  Defendant failed to report those
hours, and failed to pay fringe benefit contributions and union
dues based on those hours.

                              CONCLUSION

Plaintiffs' motion for summary judgment (doc. 56) is
granted as follows: based on the 34,856.75 hours worked by
defendant's employees for the time period August 2003, through
February 2009, plaintiffs are entitled to recover the following
amounts from defendant: $527,173.70 in fringe benefit
contributions and union dues; $52,779.62 in liquidated damages;
and $163,100.16 in interested calculated through October 31,
2009, with interest continuing to accrue at the rate of $117.40
per diem for each day on and after November 1, 2009 that the
contributions and dues remain unpaid.  Plaintiff is also
entitled to recover a reasonable payroll examination fee from
defendant, here, the amount of $4,707.50.  See 29 U.S.C.

502(g)(2)(E)(the court shall award the plan "such other legal
or equitable relief as the court deems appropriate.").
Finally, plaintiffs are entitled to recover reasonable
attorneys' fees and costs from defendant. Plaintiffs may
submit an attorney fee petition to the court upon the close of
this litigation. 29 U.S.C. 502(g)(2)(D)(the court shall award
the plan "reasonable attorneys' fees and costs of the action,
to be paid by the defendant.").

Plaintiffs' request for oral argument is denied as
unnecessary.

IT IS SO ORDERED.

Dated this 25 day of February 2010.


                                    _____
                                         Ann Aiken
                               United States District Judge

6 - OPINION AND ORDER